PER CURIAM.
Relators, Stevens, Lavigne and Green, inmates in the custody of the Louisiana Department of Corrections, jointly filed a writ application seeking the Court’s review of the Nineteenth Judicial District Court’s denial of writs wherein they sought credit for time served which was assertedly due but was being denied them. C.Cr.P. art. 880. Relators Lavigne and Green have failed to present such support for their claims as would entitle them to the relief sought; accordingly, Lavigne’s and Green’s claims for relief are rejected. However, relator Stevens’ claim of denial of credit for time spent in custody prior to imposition of sentence could neither be substantiated nor refuted, due to conflicts found to exist in the records of the Calcasieu Parish Jail, which we hereinafter detail.
In an attempt to determine the accuracy of Stevens’ claim that he is due credit for time served from date of arrest, May 30, 1977, through date of transfer to the custody of the Department of Corrections, January 3, 1978, this Court contacted the Calca-sieu Parish Jail and was informed that the jail’s records did not reflect Stevens’ incarceration there during the period May 30, 1977 through December 12, 1977. On December 12, 1977 Stevens was sentenced and remained in the Calcasieu Parish Jail until January 3, 1978, the date he was transferred to L.D.C. facilities. Next an inquiry was made to the Clerk, 14th Judicial District Court, Parish of Calcasieu. That inquiry prompted submission to the Court of the Judge’s and District Attorney’s statement showing incarceration from April 28,1977 to May 4,1977 and from December 12, 1977 to the date of the statement (12-22-77). Also forwarded was a certificate from the Calcasieu Parish Jail showing that Stevens was incarcerated for the following periods: December 7, 1976 through December 12, 1976; September 2, 1977 through October 15, 1977 and October 20, 1977 through January 3, 1978. The certificate, however, erroneously calculated these periods to total forty days. This error prompted the Court to initiate further inquiry which resulted in further information being submitted by the Calcasieu Parish Jail. This time the jail certified that Stevens was incarcerated during the following periods: July 12, 1976 to August 26, 1976; December 7,1976 to December 17, 1976; April 28,1977 to May 4, 1977; and December 12, 1977 (date of sentencing) to January 3, 1978 (the date Stevens was transferred to LDC). A simultaneous request for information was made to Stevens’ attorney. The information the attorney’s staff submitted in response to the Court’s request was also elicited from Calcasieu Parish Jail personnel which informed the attorney’s staff that for the period about which it inquired, May 30, 1977 to December 12, 1977, incarceration of Stevens appeared to have been from 9-2-77 through 10-18-77 (a period reported to this Court in the first certificate from Calcasieu Parish Jail, but not in the second report forwarded).
Due to the numerous discrepancies appearing in the various reports made in response to its inquiries, the Court is unable to determine the merits of Stevens’ claim of denial of credit for time served. Thus, an evidentiary hearing is required to finally and accurately determine the amount of time served prior to imposition of sentence to which Stevens is entitled and of which he is being deprived (if any). Accordingly, Stevens’ writ is granted and it is ordered that the 14th Judicial District Court conduct an evidentiary hearing to the end that the time served by Stevens prior to imposition of sentence be accurately determined and ordered credited.